IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWAN RASHEED MCBRIDE, ) | |
| ) | CV12-1448 |
| vs. ) | (related to CR 08-308) |
| ) | |
| ROBERT MEEKS, ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Dawan McBride's "Subsequent Application." It is Petitioner's fifth collateral challenge to his conviction for violating 18 U.S.C. §922(g)(1), possession of a firearm by a convicted felon.

Along with the "Subsequent Application," Petitioner filed an "Actual Innocence" brief. Petitioner had previously filed this brief in support of a *pro se* 28 U.S.C. § 2241 petition for habeas corpus which was docketed in the matter of Dawan Rasheed McBride vs. Robert Meeks, CV12-1128. We dismissed that habeas petition without prejudice on September 25, 2012, for lack of jurisdiction. Specifically, we concluded that the argument raised by Petitioner in the petition, that he was improperly found to be an armed career criminal by this Court at his sentencing hearing, and therefore, he is actually innocent of the sentence, "is one that should normally be brought before the courts in the form of a § 2255 Motion." September 25, 2011 Opinion filed at CV12-1128, p. 2. We further found that "Petitioner McBride ha[d] not established that a motion brought pursuant to §2255 would be an inadequate or ineffective vehicle in which to argue that he was improperly found to be an armed career criminal by this Court at his sentencing hearing." Id. at pp. 2-3 (footnote omitted).

Petitioner has also submitted a second brief titled "Actual Innocence of Sentence" in support of his most recent collateral challenge. We have treated this brief as a supplemental brief in support of his "Subsequent Application."

In the "Subsequent Application" and supporting briefs, Petitioner argues that we have jurisdiction over his claim pursuant to 28 U.S.C. § 2255(e) because he is actually innocent of being an armed career criminal under the Armed Career Criminal Act and therefore, to not entertain his claim would result in a manifest injustice.

The Government has filed an Opposition to Petitioner's "Subsequent Application" in which it argues that Petitioner's request should be denied because for three reasons we lack jurisdiction to entertain the Subsequent Application. First, "this is not McBride's first motion to vacate [and h]e has not obtained permission (i.e., certification) from the Court of Appeals to file a second or successive motion." Opposition, p.1. Second, "this pleading has been filed beyond the 1-year statute of limitations for filing a collateral attack on McBride's conviction." Id. at p. 2. Third, "McBride waived his ability to file a collateral attack." Id.

We have substantively analyzed Petitioner's claim that he is actually innocent of being an armed career criminal in the past. See October 6, 2011 Opinion filed at CR08-308. Petitioner has not established any reason for us to deviate from that analysis or our conclusion that he qualified as an armed career criminal for sentencing purposes. We have also previously determined that this "actual innocence" claim must be brought pursuant to 28 U.S.C. § 2255 and not 28 U.S.C. § 2241. See September 25, 2011 Opinion filed at CV12-1128. Again, Petitioner has not established any reason for us to deviate from that analysis/conclusion. Therefore, because this is not Petitioner's first § 2255 motion to vacate, but rather his fourth such motion, we find that his "Subsequent Application" is a successive § 2255 motion which has not been

certified by the Third Circuit Court of Appeals as required by § 2255(h) and we lack jurisdiction to entertain it.

Finally, we decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

An appropriate Order follows:

AND NOW, this 9th day of January, 2013, it is hereby ORDERED, ADJUDGED, AND DECEED that Petitioner Dawan McBride's "Subsequent Application," is DISMISSED with prejudice for lack of jurisdiction.

It is further hereby ORDERED, ADJUDGED, AND DECEED that a certificate of appealability should not issue with respect to this Court's Memorandum Opinion and Order dismissing with prejudice said "Subsequent Application" for the reason set forth in said Memorandum Opinion and Order.

The Clerk of Court shall mark this case CLOSED.

Maurice B. Cohill, Jr.
United States District Court Judge